1

2

3

4 UNITED STATES DISTRICT COURT

5 EASTERN DISTRICT OF WASHINGTON

6

7 DAMAN THOMAS CALDWELL,                No. 2:14-CV-0245-JTR

8        Plaintiff,
                                       ORDER GRANTING
9                                      DEFENDANT'S MOTION FOR
     v.                                SUMMARY JUDGMENT
10

11 CAROLYN W. COLVIN,
   Commissioner of Social Security,
12

13        Defendant.

14

15        **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF

16 Nos. 14, 16.  Attorney Dana C. Madsen represents Daman Thomas Caldwell

17 (Plaintiff); Special Assistant United States Attorney Alexis L. Toma represents the

18 Commissioner of Social Security (Defendant).  The parties have consented to

19 proceed before a magistrate judge.  ECF No. 7.  After reviewing the administrative

20 record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion

21 for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

22                              **JURISDICTION**

23        Plaintiff filed applications for Disability Insurance Benefits (DIB) and

24 Supplemental Security Income (SSI) on February 19, 2012, alleging disability

25 beginning August 31, 2008.  Tr. 213-19.  The applications were denied initially

26 and upon reconsideration.  Tr. 118-20, 121-124, 131-35, 136-42.  Administrative

27 Law Judge (ALJ) Moira Austems held a hearing on November 6, 2013, at which

28 Plaintiff, represented by counsel, testified as did Jennifer Caldwell and medical

expert Donna Veraldi, Ph.D.  Tr. 26-56. After the hearing, the ALJ requested Plaintiff undergo an additional psychological evaluation, which was conducted by Jeanette Higgins, Psy.D. on November 26, 2013.  Tr. 198-99, 573-82.

On March 10, 2014, the ALJ issued a partially favorable decision finding Plaintiff's impairments met the listings beginning February 19, 2012, through the date of the decision.  Tr. 8-25.  The Appeals Council denied review.  Tr. 1-4.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on July 29, 2014.  ECF No. 1, 4.  Plaintiff argues that the ALJ erred by determining that Plaintiff's disability onset date was February 19, 2012, (the application date) instead of August 31, 2008, (Plaintiff's alleged onset date).  This determination effectively precludes Plaintiff from recovering DIB because Plaintiff's insured status expired on September 30, 2010.  Tr. 16.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 38 years old at the time of the hearing.  Tr. 45.  Plaintiff did not graduate from high school but does have a GED.  Tr. 45-46.  Plaintiff has worked many different jobs, but none usually lasted longer than a month or two.  Tr. 31. Plaintiff testified that he cannot work because he "just can't cope with society . . . [or] deal with people . . . [or] deal with things that maybe other people can deal with."  Tr. 32.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon claimants to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once claimants establish that physical or mental impairments prevent them from engaging in their previous occupations.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If claimants cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimants can make an adjustment to other work, and (2) specific jobs exist in the national economy which claimants can perform.  *Batson v. Comm'r of Soc. Sec.*,

359 F.3d 1190, 1193-1194 (2004). If claimants cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(i-v), 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

On March 10, 2014, the ALJ issued a decision finding Plaintiff was disabled as defined in the Social Security Act from February 19, 2012, through the date of the ALJ's decision. Tr. 19.

The ALJ first addressed the onset date of Plaintiff's disability. Tr. 12-13. As set forth by the ALJ, Plaintiff filed two previous applications for DIB.[1] Plaintiff filed his first application on May 24, 2010, which was denied initially on September 9, 2010, and on reconsideration December 1, 2010. Tr. 57-58, 108-13. Plaintiff did not further pursue that application. He filed a second application for DIB on August 11, 2011, Tr. 211-12, which was denied on September 29, 2011, based on the doctrine of res judicata. Tr. 59, 114-17. Again, he did not pursue his second application beyond the reconsideration level.

For purposes of Plaintiff's application that is the subject of this appeal, the ALJ determined that Plaintiff did not submit any new and material evidence establishing clear error that constituted good cause to reopen the December 1, 2010, determination. Tr. 12. The ALJ determined that the December 1, 2010, determination was the final and binding determination of the Commissioner and that the principle of res judicata (already adjudicated) applied to preclude Plaintiff from recovering DIB earlier than December 2, 2010. Tr. 13.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 19, 2012, the application date. Tr. 15.

---

[1]Plaintiff also filed two previous SSI applications, which were denied because of excess income and resources. Tr. 13.

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

At step two, the ALJ determined that beginning February 19, 2012, Plaintiff has had the following severe impairments: schizoaffective disorder, bipolar type; generalized anxiety disorder; narcissistic personality disorder; and cannabis dependence. Tr. 15.

At step three, the ALJ found that, since February 19, 2012, the severity of Plaintiff's impairments met Listing 12.04. Tr. 15.

The ALJ further concluded that Plaintiff was not disabled prior to February 19, 2012, and that his substance use disorder was not a contributing factor material to disability. Tr. 18. The ALJ found Plaintiff eligible for SSI, but dismissed Plaintiff's DIB application as Plaintiff's insured status ended on September 30, 2010. Tr. 19.

## ISSUE

The question presented is whether the Court has jurisdiction to review the ALJ's decision to not reopen Plaintiff's prior DIB application.

## DISCUSSION

Defendant argues that the Court does not have subject-matter jurisdiction to review the ALJ's decision not to reopen Plaintiff's prior application. ECF No. 16 at 4-5.

A federal court has jurisdiction over a Social Security appeal after the Commissioner renders a final decision. 42 U.S.C. § 405(g). Section 405(g) "clearly limits judicial review to a particular type of agency action, a *final decision* of the Secretary made *after a hearing*." *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (quoting *Califano v. Sanders*, 430 U.S. 99, 108 (1977)). "'[T]he Secretary's decision not to re-open a previously adjudicated claim for social security benefits' is purely discretionary and is therefore not considered a 'final' decision within the meaning of § 405(g)." *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) (quoting *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982)); *see also* 20 C.F.R. § 404.903(l). "District courts, therefore, have no

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata." *Krumpelman*, 767 F.2d at 588 (citing *Davis*, 665 F.2d at 935); *see also Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) ("the Commissioner's refusal to reopen her decision as to an earlier period is *not* subject to judicial review.").

In this case, as an initial matter, Plaintiff did not exhaust his administrative remedies with respect to the earlier applications at issue, so that no final decision entered.[2]  Furthermore, an ALJ's decision to grant or deny a claimant's request to reopen prior applications is discretionary, and in this case, the ALJ concluded that good cause did not exist to reopen Plaintiff's December 2010 determination.  Tr. 12.  The denial of a request to reopen is not a final decision of the Commissioner made after a hearing and, thus, is not subject to judicial review. *Krumpelman*, 767 F.2d at 588; *Lester*, 81 F.3d at 827.  Because the Court concludes that it lacks subject-matter jurisdiction, it will not address the merits of Plaintiff's arguments.

In his reply, Plaintiff cites to *Lester v. Chater* arguing that "the principle of res judicata should not be rigidly applied in administrative proceedings."  ECF No. 17 at 2 (citing *Lester*, 81 F.3d at 827-28).

But *Lester* is distinguishable from the case at bar.  In *Lester*, the question before the Court was whether res judicata barred the claimant's disability claim for a period *subsequent* to a prior determination.  81 F.3d at 827.  In that case, the ALJ

---

[2]The principal of exhaustion is an important one as exhaustion

[I]s generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi,* 422 U.S. 749, 765 (1975) (citation omitted).

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

denied the claimant's application in 1985. *Id.* The claimant filed another application in 1988, which the ALJ also denied based, at least in part, on res judicata. *Id.* The claimant did not challenge the Commissioner's application of res judicata *prior* to 1985, but argued that the Commissioner should not be allowed to rely on res judicata to bar consideration of the evidence of his impairments *after* 1985. *Id.* The Ninth Circuit agreed and listed several situations where the Commissioner should not "rigidly appl[y]" the doctrine of res judicata, including when, subsequent to a prior determination, the severity of the claimant's impairments increase or the claimant "raises a new issue, such as the existence of an impairment not considered in the previous application." *Id.* In *Lester*, the Court concluded that the Commissioner erred in using res judicata to avoid consideration of Plaintiff's impairment *subsequent* to 1985 because Plaintiff had alleged different impairments and changed circumstances in his 1988 application. *Id.* at 828.

In this case, Plaintiff argues that the ALJ erred in relying upon res judicata as grounds to not reopen his 2010 determination. In *Lester*, the Ninth Circuit reiterated the general rule that "[t]he Commissioner may . . . apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Id.* at 827. This is the rule that applies in Plaintiff's situation. Plaintiff does not argue that the ALJ erred in using res judicata to bar consideration of his impairments after the 2010 determination. The situations listed in *Lester* where res judicata should not be rigidly applied do not apply to Plaintiff's case. Plaintiff's reliance on *Lester* to argue that res judicata should not be rigidly applied to bar reopening of his 2010 determination is misplaced and his argument fails.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court determines that it does not have subject matter jurisdiction over the issue raised by Plaintiff. Accordingly, **IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

1.    Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED May 28, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 8